## GEORGE BLANCHARD *versus* WILLIAM HILLIARD.

The usages of a bank, at which the parties to a promissory note are accustomed to transact business, respecting the time of demand and notice on such notes, may be shown, not as forming rules for the decision of the Court, but as evidence of the assent of the parties to such usage, and of their waiving their legal claims.

ASSUMPSIT upon a promissory note given by *William Hoogs* to *Francis Hoogs*, or order, dated March 13, 1810, for 1800 dollars, payable in *fifty-seven* days, with grace, and endorsed by the defendant.

At the trial, which was had upon the general issue, before *Parker*, J., at the last November term in this county, it was proved that notice was left at the *Union Bank* for the promisor, on the 8th day of May, 1810, which was fifty-six days, without grace ; and that, on the 11th of the same May, notice was left for the defendant at a store in *Boston*, appointed by him for his notices from the bank, he living at *Cambridge*. The objection by the defendant was, that no legal demand had been proved upon the promisor.

But it being agreed that the demand was conformable to the practice of the *Union Bank, where this note was payable,* and that the defendant was accustomed to do his business at that bank, the jury were directed by the judge that, if they were satisfied that the defendant was conusant of that usage, the verdict must be for the plaintiff ; and being so returned, the defendant moved for a new trial.

*Rockwood,* for the defendant. The obligation of an endorser is conditional, and his liability arises only on a legal demand made upon the promisor, and notice of non-payment * by   [ * 86 ] him. This notice must be on the day of the *maturity* of the note. In the case of *Henry* vs. *Jones*, (1) the Court say that no action lies against the endorser, until after a demand made *on the day of the maturity* of the note ; and the plaintiff there was nonsuit, because the demand was made on the day preceding the day fixed by the parties for the payment. The same doctrine is distinctly recognized in the case of *Jones* vs. *Fales*, (2) and in other cases.

The note in the case at bar fell due on the 12th of May. Parol testimony is not admissible to vary the effect of a written contract from what is to be collected from the writing itself. (3) To admit parol evidence to prove that a written instrument does not contain the real agreement, would be the same as receiving it for every pur-

(1) 8 *Mass. Rep.* 453.        (2) 4 *Mass. Rep.* 245.
(3) 7 *Vesey*, 211, *Woollam* vs. *Hearn.*— *Stackpole* vs. *Arnold*, ante, p 27.

BLANCHARD vs. HILLIARD.

pose. It was to shut out this inquiry that the rule was adopted. The notice given on the 11th of May was, then, equivalent to no notice at all; and the defendant was entitled to notice on the 12th, as a condition precedent, on which alone his liability in law could arise.

Did the defendant agree to dispense with this condition, which, being for his benefit, he might waive ? he agreed to *receive* notice at a certain *place;* which utterly excludes the supposition of a waiver of notice.

To remedy the defect of notice in this case, evidence was admitted of a practice of the *Union Bank,* of so computing a sixty day note as to demand payment on the fifty-ninth day, and to give notice accordingly; and the notice in this case being pursuant to that usage, and the practice being brought home to the knowledge of the defendant, the jury were directed to find for the plaintiffs.

The cases of *Jones* vs. *Fales,* and *Lincoln,* &c., *Bank* vs. *Page,* (4) were relied on to support the direction. But those cases go no further than to decide that a party may, by his own agreement, waive or modify his right to notice, and what is proper evidence of such agreement. The construction of the contract was not in question ; nor was parol evidence admitted to contradict that [ * 87 ] which was written. * In the former case, the *Chief Justice* says evidence of this kind is not to establish new law, but to prove that the defendant has waived a condition implied by law for his benefit. In the case at bar, it is not pretended that the defendant waived his right to notice, or agreed to receive it before the note was due, *which is the same thing.*

The bank do not pretend a practice of notifying an endorser before a note is due. They notified on the fifty-ninth day because the note was considered then due. Here, then, is a simple question of construction. Did this note fall due in fifty-nine or in sixty days ? The evidence of usage was, in fact, admitted in support of the former construction, in contradiction to the plain letter of the contract.

The case of *Wentworth* vs. *Clap* (*a*) is precisely in point. It

(4) 9 *Mass. Rep.* 155.

(*a*) *Wentworth* vs. *Clap.* — This was *assumpsit* against the defendant, as second endorser of a promissory note ; and was tried before *Parsons,* C. J., at the sittings in *Boston,* after March term, 1813.

The note declared on was as follows : " 26th June, 1810. — For value received, I promise *Wm. Clap* to pay him, or his order, at the *Union Bank,* two thousand seven hundred dollars *in* fifty-seven days, and grace. *Alex. Wentworth.*" — Endorsed *W. Clap* and *Joseph Clap.*

The plaintiff produced the note, and the notifying officer of the *Union Bank,* where the note was discounted, to prove a demand on the maker, and notice to the endorsers. It turned out in evidence that the officer made the usual demand on the maker

was one of the last *nisi prius* decisions of the late Chief Justice *Parsons*, whose opinions will always be heard w'th respect in this Court.

*G. Sullivan*, for the plaintiff. The evidence admitted in this case was not to control or vary the written contract. It related merely to the time when a demand should be made and notice given, not to the time when the note should fall * due. [ * 88 ] It is not contended that this note became payable on the 11th of May; but that notice given to the endorser on that day was sufficient to hold him; because the endorser had agreed, at the time of the contract, that it should then be given. Had this agreement been in writing, it could not be pretended that it was repugnant to the contract, or in any degree affected its tenor, or altered the time of payment. If, being in writing, such an agreement might be received in evidence, its being merely parol would not exclude it. Such an agreement was understood between the parties; and the evidence was therefore rightly admitted. How far it was sufficient to prove such understanding was a matter of fact for the jury, and their verdict is conclusive.

It does not appear that the question was at all agitated in the *nisi prius* case cited for the defendant; nor that the distinction which has been now suggested was taken.

*Per Curiam.* Heretofore it was the usage of the banks to include the day of the date of a promissory note in their computation. Since the decision of the Court, in the case of *Henry* vs. *Jones*, they have excluded it. The transactions in the case at bar were before that decision. The direction of the judge at the trial is objected to. There can be no doubt that it was competent for the endorser to waive his right to due notice, and to consent to receive notice at an earlier day. We have in several instances recognized the usages of banks, at which the parties have been accustomed to transact business, not as forming rules for our decision, but as evidence of the assent of the parties to such usages, and of their waiv-

on the 21st, and left the usual notices with the endorsers on the 24th of August; the notice for the defendant, who lived in *Dorchester*, being left at a place pointed out by his direction in writing at the bank.

Upon this evidence, the chief justice would not permit the note to go to the jury. The plaintiff then offered evidence to prove that the notices in this case were according to the established usage of that and the other banks in *Boston* at that time; that the defendant had endorsed many notes at that bank, and was well acquainted with this usage before the making of the note in the case.

This evidence was also rejected by the chief justice, who ordered a nonsuit upon the authority of *Henry* vs. *Jones*, saying that no usage could be given in evidence to control the construction of the note.

*Plaintiff nonsuit.*

*Selfridge* for the plaintiff.
*Rockwood* for the defendant.

ing their legal claims. On this ground the direction of the judge was given, and we have no doubt of its correctness. The defendant is chargeable, demand having been made and notice given, on the day which, by the assent and agreement of the parties to the note, is to be considered the proper one. (*a*)

*Judgment on the verdict.*

(*a*) *Smith* vs. *Whiting*, 12 *Mass. Rep.* 6. — *Lincoln and Kennebeck Bank* vs. *Page*, 9 *Mass. Rep.* 155. — *Same* vs. *Hammatt*, 9 *Mass. Rep.* 159. — *Whitwell* vs. *Johnson*, 17 *Mass. Rep.* 449. — *Pierce* vs. *Butler*, 14 *Mass. Rep.* 303. — *State Bank* vs. *Hurd*, 12 *Mass. Rep.* 172. — *City Bank* vs. *Cutter*, 3 *Pick.* 414.

[ * 89 ]

## * DAN YOUNG *versus* JOSEPH HOSMER.

In an action against the sheriff for taking insufficient bail, a variance of the name of the plaintiff in the execution against him, and in the *scire facias* against the bail from *Daniel* to *Dan*, did not avail the sheriff.

In such action, the original judgment is sufficient *primâ facie* evidence of the plaintiff's debt, subject to be impeached by the sheriff on the ground of collusion or fraud.

The sheriff may prove, in mitigation of damages, that the original debtor had no property; but this is not to be presumed.

THIS was an action of the case against the defendant, as sheriff of the county of *Middlesex*, for taking insufficient bail, upon the arrest of one *Thomas Kitteridge*, on mesne process, at the suit of the plaintiff, by one *Stephen Reed*, one of the plaintiff's deputies. It appeared that the deputy took one *M. R. Bartlet* only as bail, and that he had avoided on the *scire facias*, as had *Kitteridge*, the prin cipal debtor, on the original suit.

After a verdict for the plaintiff, taken November term, 1812, before *Parker*, J., for the original debt, costs, &c., the defendant moved for a new trial on the following grounds: —

1. That the plaintiff gave in evidence an original writ, and a judgment thereon, in favor of *Dan Young* against *Thomas Kitteridge*; but the execution against *Kitteridge*, as well as the *scire facias* and judgment against the bail, were in favor of *Daniel Young*.

2. That the plaintiff gave no evidence of the debt due to him from *Kitteridge*, other than the original writ and judgment against him.

3. That it did not appear that *Kitteridge* had any property or friends, who were able or willing to assist him; but it appeared