Mr. Justice Peat
delivered the opinion of the court.
This was an action of trespass on the case in the court below against the appellee, as endorser of a promissory note for 13,033 dollars, drawn by one James C. Mitchell. The trial was had *783 upon a plea of non assumpsit, and a verdict and judgment for the defendant. From which, the plaintiffs have appealed to this’1 court.
The errors assigned are:
1. The court below erred in the giving of the introductions asked for by the defendant.
2. The court erred in refusing to give the instructions asked for by the plaintiffs.
3. The court erred in refusing to permit the witness, William Everett, to answer the questions as put to him by the plaintiffs’ counsel.
4. The court erred in excluding from the jury all the evidence offered in reference to the established custom of giving the en-dorsees resident in Vicksburg notice of non-payment and protest.
The instructions mentioned in the first assignment of error are:
1. That the jury must disregard all the statements of the different witnesses showing, or conducing to show, the existence of any custom or practice, however general, of giving notice of protest through the Vicksburg post office to endorsers resident' in Vicksburg.
2. That if the jury believe the note sued on was, on the 24th day of January, 1837, protested at the Planters’ Bank in Vicksburg for non-payment, and that defendant was then a resident of Vicksburg; and no other notice of said protest was given to him than by a letter addressed to him at Vicksburg, and placed in the Vicksburg post office, that such notice is insufficient to charge him, and they must, find for the defendant.
3. That if they believe the defendant was, at the time of the protest of the note sued on, a resident of the city of Vicksburg,having a dwelling-house therein, that notice of said protest must, have been given to him, either personally or by notice left at his dwelling-house or place of business in said city; and that no custom which may have obtained among the notaries of Vicksburg, of giving notice to endorsers resident therein through the post office, will' legalise such mode of giving notice or charge the defendant.
We have no doubt of the correctness of these several charges. *784 The invariable rule is, that when the parties reside in the same city or place, notice of the dishonor of bill or notes must be personal, or something tantamount, such as leaving it at the dwelling-house or place of business of the party, if absent. If the party to be served with a notice, resides in a different place or city, then the notice may be sent through the post office, to the post office nearest the party entitled to notice.
It would be extremely embarrassing to suffer the rule to fluctuate, by making exceptions which would lead to uncertainty. It is of the utmost importance to mercantile transactions, to have a certain and stable rule in relation to notices. 20 Johns. Rep. 372.
It is dangerous in all cases to disregard the well settled law upon this subject, and rely upon custom and usage; because no usage or custom can change the rule here laid down, unless the party to be affected be conusant of the usage, and has in other cases conformed to it. 4 Mass. Rep. 252, S; lb, 157.
In the case of Blanchard v. Hilliard, 11 Mass. Rep. 88, the court say: “ We have in several instances recognised the usage of banks at which the parties have been accustomed to transact business, not as forming rules for our decisions, but as evidence of the assent of the parties to such usages, and of their waiving their legal claims.”
This position could by no means authorise two or three notaries to set up their illegal acts in giving notice of protested notes and bills, as a custom or usage, which is to change the settled law upon this subject. Even if such usage had legally existed, as was urged by the counsel for the plaintiff’, it could not, from the case above cited, have affected the present appellee; because he could not have been cognisant of an usage which did not exist at the time of his endorsement of the note sued on.
The instructions to. the jury moved by the counsel for the plaintiff, and the rejection of which is assigned as the second cause' of error are: That the jury must find for the plaintiffs, provided they believe from the evidence, that the defendant and his family were, at the time of the protest, temporarily absent from their residence in Vicksburg; and that the notary gave to the” defendant, *785 on the day of the protest, and during such temporary absence, written notice of such protest, by means of such notice being deposited in the Vicksburg post office, directed to him at Vicksbu rg.
These instructions were properly refused. The notice must be personal in such a case, or something tantamount, such as leaving it at the dwelling-house or place of business of the person temporarily absent.
As to the fourth error assigned, we are satisfied that the court below acted correctly in arresting the testimony of Everett. It was only tending to establish a custom among the notaries of Vicksburg, which, were it even established, could not, in our judgment, affect the rule of law we have before recognised. No such custom, by public officers, in violation of law, can change, or in any way affect the application of the law itself.
The judgment of the court below must be affirmed with costs.