# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF HANCOCK, JULY TERM, 1840.

---

## DAVID LEACH *vs.* TIMOTHY PERKINS.

The rights of parties are to be determined by law, and not by any local custom or usage, unless there be proof that such custom or usage is certain, general, frequent, and so ancient as to be generally known and acted upon, and unless it shall be adjudged to be reasonable.

Such usage may be admitted to explain the intention of the parties in making a contract, but is not to be received to establish the right, or to prove the origin of the relation by which the parties become responsible to each other.

In an action for labor upon a vessel, built by several owners, against one of them, proof of the usage of the place " that the owners were not jointly responsible for materials and labor for the vessel, and that no one was authorized to make contracts for materials and labor for the vessel so as to bind the owners generally," is inadmissible.

EXCEPTIONS from the District Court, for the Eastern District, ALLEN J. presiding.

Assumpsit for labor done upon the schooner *Coral.* With the general issue there was a brief statement setting forth, that the promise, if any was made, was made jointly with the defendant and seven others, and not by the defendant alone ; " it having been agreed between the parties, that all matters both in bar and abatement might be taken advantage of by the defendant under the general issue and brief statement."

Testimony was introduced by the plaintiff, tending to show, that the plaintiff was hired by the defendant to perform the labor. It was proved, that the vessel was built by the defendant and the seven others named in the brief statement, who owned her in different proportions.

The plaintiff offered evidence to prove, that there was a custom in the town where the vessel was built and in the neighboring towns, that where vessels were built by several individuals, that each of them should be individually responsible for such labor and materials as he engaged; that the owners were not jointly responsible for the materials and labor for the vessel, and that no one was authorized to make contracts for materials and labor for the vessel, so as to bind the owners generally. This testimony was objected to by the defendant's counsel. The Judge overruled the objection, and the evidence was admitted to show the terms on which the vessel was built. The verdict being against the defendant, he filed exceptions.

*W. Abbott* and *C. J. Abbott*, for the defendant, contended, that evidence of usage was inadmissible to control the general principles of law.

The commercial law extends over the whole country, and cannot be altered by the practice of the people in a few towns. The usage of a place cannot be resorted to where the principles of law are well settled. 1 *Bl. Com.* 76; 3 *Salk.* 111; 2 *Wash. C. C. R.* 70; 6 *Cowen,* 266; 4 *T. R.* 750; *Donnel* v. *Col. Ins. Co.,* 2 *Sumner,* 366; *Bryant* v. *Commonwealth Ins. Co.* 6 *Pick.* 131.

*Hinckley,* for the plaintiff, contended, that the evidence was properly admitted, because it showed an understanding among the builders and workmen that the vessel was built in conformity with such usage, and that the contract in this instance was made under the expectation of being bound by the usage. Nothing more is intended by the term than the practice of a class of individuals on the seaboard in the prosecution of their business as ship builders. The custom here proved is beneficial, as it enables several persons to associate together, each liable only for his own contracts, to build a vessel which could not be accomplished by any one of the number by himself. The admission of evidence of general usage

is in conformity to the practice in this State. *Farrar* v. *Stack-pole*, 6 *Greenl.* 154; *Emerson* v. *Fisk*, *ib.* 200; *Williams* v. *Gilman*, 3 *Greenl.* 276. A similar practice prevails in *Massachusetts*. *Macomber* v. *Parker*, 13 *Pick.* 182; *Meldrum* v. *Snow*, 9 *Pick.* 445; *Thompson* v. *Harrington*, 12 *Pick.* 425.

The opinion of the Court, (EMERY J. taking no part in the decision, having been employed in trying jury causes in the county of *Washington*, when the case was argued,) was drawn up by

SHEPLEY J. — The rights of parties are to be determined by law, and not by any local custom or usage, unless there be proof, that such custom or usage is certain, general, frequent, and so ancient as to be generally known and acted upon. In such cases, if the Courts adjudge it to be reasonable, it affects the rights of the parties upon the presumption, that they have made their contract with reference to it. 3 *Wash. C. C. R.* 149; 8 *S. & R.* 539. The usages of trade in a particular city or place, are thus received to explain the intention of the parties, and to ascertain their rights under a contract presumed to be made with reference to them. 2 *B. & P.* 432; 3 *B. & P.* 23; 7 *Mass. R.* 36; 3 *Wend.* 283. The usage of trade has also been admitted to explain what the parties intended by the use of a doubtful word, or phrase, or term of art, in a policy of insurance, bill of lading, and deed. 7 *Johns. R.* 385; 8 *S. & R.* 535; 6 *Greenl.* 154. And in a particular profession, art, or branch of trade; as among printers. 1 *S. C. Const. R.* 308; 3 *Greenl.* 276. And among carriers. 2 *Nott & M'C.* 9; 3 *Day*, 346; 3 *Conn. R.* 9. And in the lumber trade. 6 *Greenl.* 200.

The usages of banks in certain cities and places have been received upon the presumption, that the parties contracted with reference to them. 11 *Mass. R.* 85; 9 *Wheat.* 581. So has a custom in certain places, that a tenant should take "the way going crop," 5 *Binn.* 287; or receive compensation for labor for the benefit of the forth coming crop. 1 *Brod. & B.* 223. In these and many other cases, usage has been received to explain the intention of the parties in making a contract, and thus to have an influence upon their rights. But custom does not appear to have been received to establish the right, or to prove the origin of the

relation by which the parties become responsible to each other. Mr. Justice *Thompson,* in speaking of the admission of the usage of the departments of the government to allow a commission on the disbursements of the public money, excludes any inference that it might be received for such a purpose, remarking that " it was not for the purpose of establishing the right, but to shew the measure of compensation and the manner in which it was to be paid." 7 *Peters,* 28.

The case of *Thompson* v. *Harrington,* 12 *Pick.* 425, has been regarded in the argument as authorising the reception of usage as corroborative proof of the existence of a contract. In the report of the case it is stated, that the Judge instructed the jury, that " usage might serve in some measure to shew what was the intention of the parties, *or to substantiate the testimony*" of the witnesses. In the opinion of the court no allusion is made to any such instruction, and the principle upon which the court sustained the admission is in accordance with the preceding cases in that State. The language of the court is, " usage was admissible in evidence to explain the act of the owners, and to enable the jury to determine whether that act amounted to a letting to hire, or an appointment of a master."

The customs or usages here alluded to are not those customs, which have existed in a place or country so long, that the memory of man runneth not to the contrary, and which, when established as the rules of the common law require, become a part of it; but are such as are to be established by the proof of the facts showing the accustomed mode of dealing or of conducting a certain trade or branch of business. And when the mode of conducting the business, or in other words, the usage is proved, the law determines, as in other cases, what are, under the circumstances, the rights of the parties. And it is no more competent to prove, what would be the legal rights of the parties arising out of such usage, than to prove by witnesses the law of the contract in any other case.

Whether a usage is proved, is a fact for the jury to find. 2 *G. & J.* 136. But it would be the duty of the Court to instruct them, that if it was not proved to be certain, and general, and to partake

of the other requisites before stated, that the testimony should have no influence upon the rights of the parties.

The custom as stated in this bill of exceptions is presented rather as a mode agreed upon among the parties interested to build vessels, than as a well established method of actually conducting the process of building ; and proof was admitted " that the owners were not jointly responsible for materials and labor for the vessel and that no one was authorized to make contracts for materials and labor, &c. for the vessel so as to bind the owners generally," apparently as part of the proof of the custom. It is alleged in argument, that testimony to prove not only the custom but its legal effect upon the rights of the parties was not in fact admitted but the language used does not appear to be susceptible of any other construction. It may be that upon a new trial the facts in relation to the manner of building in the place where the vessel was built will be so fully proved as to establish a usage with all the necessary requisites to authorize the presumption, that these parties contracted with reference to it ; but as it is presented in this bill of exceptions the evidence should not have been admitted.

If the plaintiff fails in establishing any usage, he may prove, that the parties building the vessel agreed among themselves as stated, and that his contract was made with a knowledge of and in obedience to such agreement, and thus be entitled to recover. Nor is there any necessity, as the argument supposes, that such a mode of building vessels should be abandoned if the usage fails, for the parties may accomplish the object of relieving themselves from responsibility for the whole of the materials and labor by an agreement to that effect among themselves, and by taking care to make it known to each one with whom a contract is made, so as to have proof, that he contracted with a knowledge, that he must rely only upon the person with whom he contracted.

*Exceptions sustained and new trial granted.*