## NATHANIEL F. GOLDSMITH *vs.* CHESTER GUILD, JR.

A written contract for the purchase and sale of land within ten days is to be performed within ten days from its date, and not from its delivery, unless so much time has passed before the delivery as to make the performance within that time impossible or unreasonable.

The doctrine that time is not of the essence of a contract in equity should not be applied, as a general rule, to a sale of land in this country.

BILL IN EQUITY to enforce specific performance of a written contract by the defendant, dated March 19th 1864, but not delivered or signed till March 22d, to sell an estate in Boston to the plaintiff, " by good and sufficient deed, with covenant of special warranty against all persons claiming through or under " the defendant, " papers to pass within ten days." The defendant in his answer set forth that he offered to perform the contract within the time specified, but the plaintiff was unwilling to perform on his part, according to the terms of the contract, until the 31st of said March. Evidence was taken, and so much thereof as is material is stated in the opinion; and the case was reserved by *Chapman,* J. for the determination of the whole court.

*L. Child & L. M. Child,* for the p aintiff.

*O. Stevens,* for the defendant, besides cases cited in the opin ion, cited 1 Sugden on Vend. (7th Amer. ed.) 344; 1 Story or Eq. § 776; *Dominick* v. *Michael,* 4 Sandf. R. 374; *Forrest* v *Elwes,* 4 Ves. 492; *Macbryde* v. *Weekes,* 22 Beav. 533; *Coslake* v. *Till,* 1 Russ. R. 376; *Hipwell* v. *Knight,* 1 Y. & Coll. (Exch.) 416; *Potter* v. *Tuttle,* 22 Conn. 513.

CHAPMAN, J. This bill seeks to enforce the specific performance of a written contract. As it does not allege that the time of performance was extended by parol, the evidence and arguments in respect to such an extension are immaterial. The contract bears date March 19th 1864. Its stipulations are that the defendant shall sell and the plaintiff shall buy the dwelling-house therein described, for the price and on the terms therein specified. The stipulation which gives rise to the present controversy is in the following words : " Papers to pass within ten days." It appears that the defendant did, within ten days from the date of the instrument, prepare a deed for delivery according to the terms of the contract. On the 31st of March the plaintiff tendered performance on his part, and demanded the deed. The defendant refused to deliver it at that time, on the ground that the tender was not seasonably made. Reckoning from the date of the instrument, and excluding the day of the date, the defendant's position that the tender was not seasonably made is right. But though it bears date March 19th, it was not signed and delivered till the 22d ; and the tender was made within ten days from that time. The plaintiff contends that the ten days began to run at the time of the delivery, and not at the day of the written date. It is argued on his behalf that the phrase " within ten days " does not refer to the day of the date. But in *Henry* v. *Jones,* 8 Mass. 453, it was held that a note expressed to be payable " in sixty days " must be construed as if it had been expressed " in sixty days from the date." In *Blanchard* v. *Hilliard,* 11 Mass. 85, this construction is affirmed.

If we disregard parol evidence, this must be regarded as a reasonable and proper construction of the contract in this case The phrase " within ten days " obviously means ten days from the date.

If a contract bears an impossible date, as February 30th, it is otherwise. The time should in such case be reckoned from the date of its delivery. *Styles* v. *Wardle*, 4 B. & C. 908. So if the paper had not been delivered till after the expiration of the ten days, it would be absurd to construe it as ten days from the date, for the performance would then be impossible. But when there is a sensible date, that word in other parts of the deed means the day of the date and not of the delivery. *Styles* v. *Wardle, ubi supra.* The same construction ought to be given to the paper if the delivery was so soon that the construction can be reasonably given, because it is in conformity with the written language of the parties. In the present case the delivery was on the 22d of March, and seven days were left for the performance of the contract, which must be regarded as a reasonable time. No authority is produced to sustain the position that in such a case the written date should be disregarded in construing the contract; and the general rule is, that a written agreement shall be so construed, if possible, as to give effect to each part.

The evidence tending to show a readiness on the part of the plaintiff to perform his contract on the 30th and a waiver of time by the defendant, consists of the plaintiff's statement, and it is contradicted by the defendant. If there were proper allegations to make this evidence material, the fact of a waiver would upon this evidence be left in doubt, and would not be established.

But the plaintiff further contends that time was not of the essence of the contract, and that the tender was for this reason in sufficient season, under the circumstances as they appear in evidence.

The strict rule of law in respect to time as an essential part of a contract does not prevail in equity, and the doctrine that "time is not of the essence of the contract" has been applied to many cases. But this doctrine applies to sales of property only in cases where time is immaterial to the value, and is urged only by way of pretence and evasion, and does not apply to a sale of property the value of which is subject to daily fluctuation. *Doloret* v. *Rothschild*, 1 Sim. & Stu. 590. In this country

time is regarded as more important in respect to the sale of land than in England, because the value of land is more fluctuating here than there. *Hepburn* v. *Auld*, 5 Cranch, 262. *Richmond* v. *Gray*, 3 Allen, 25.

In this case, the evidence tends to show that the property was subject to frequent fluctuations in value on account of the frequent and almost daily fluctuations in the gold market, and that there was an actual change in its value; and we cannot doubt that time was not only an essential part of the contract in fact, but that it was so regarded by the parties when they made their contract. *Bill dismissed.*