BRASHER v. DENVER & R. G. R'Y Co.

1. CARRIERS — DELIVERY OF GOODS.— A common carrier is not charge-
able with the value of goods delivered to an insolvent person when
such delivery is shown to have been authorized by the consignor.
2. NONSUIT — JUDGMENT OF.— Where the evidence for the plaintiff is
insufficient to sustain a recovery a judgment of nonsuit may be
entered.

## Appeal from Superior Court of Denver.

THE appellant, Benjamin P. Brasher, brought his ac-
tion against the appellee in the court below, alleging in
his complaint, in substance, that the defendant was a
corporation duly organized and doing business as a com-
mon carrier and warehouseman of goods and chattels for
hire at all the times mentioned in the complaint; that the
plaintiff, in partnership with his brother, under the firm
name of Brasher Bros., on or about the 19th day of April,
A. D. 1881, received from their traveling agent, J. J.
Sims, an order purporting to come from P. J. Keegan
and Michael W. Keegan for certain wines, liquors and
cigars, with directions to bill said merchandise to said
Michael W. Keegan, but to ship and consign the same to
P. J. Keegan, at Chama, N. M., for the reason that said
P. J. Keegan had an arrangement whereby he could
secure a reduction in freight rates for all goods consigned
to him.    And the plaintiff further alleges that said
Brasher Bros., relying upon said order and directions, on
or about the 21st day of January, A. D. 1881, delivered
to said defendant company, as a common carrier for hire,
the merchandise so ordered, for the purpose of having
the same transported from the city of Denver to Chama,
N. M., and there delivered to said P. J. Keegan, said mer-
chandise being then and there of the value of $2,000; that
after said merchandise was so delivered to the defendant
company, and while it was still in its possession, and on
or about the 1st day of February, A. D. 1881, said P. J.

Keegan repudiated said transaction and refused to receive said merchandise, and thereupon said Brasher Bros. ordered and directed the defendant company not to deliver the same to either the said P. J. Keegan or to the said Michael W. Keegan, but to hold said goods and chattels and deliver the same to said J. J. Sims, their agent, upon his arrival at said town of Chama; that the defendant company, in utter disregard of such instructions, so negligently and carelessly obeyed said order, and so carelessly behaved itself with respect to said merchandise, that, by and through its own negligence and improper conduct, said goods and chattels were afterwards, and upon the 15th day of February, A. D. 1881, delivered by said defendant company to the said Michael W. Keegan, who was then and there, and for a long time before said delivery and before the shipment of said goods and chattels, wholly insolvent, so that, by the negligent conduct of the defendant, said goods and chattels became wholly lost to said Brasher Bros.

Plaintiff alleges the dissolution of the copartnership between himself and brother, and an assignment to him of the chose in action in the complaint declared upon, and prays judgment for the value of said goods, and also for special damages. The defendant, in its answer, admits, by not denying its incorporation, the receipt of certain goods from Brasher Bros., to be transported as charged; and admits that on or about the time mentioned in the complaint the defendant received notice from said Brasher Bros. to the effect that said goods should be delivered to J. J. Sims, and should not be delivered to P. J. Keegan, and alleges in this behalf that said goods were delivered in accordance with the instructions of said Brasher Bros., and not otherwise. Defendant also admits the assignment of the claim as alleged. All the other allegations of the complaint are traversed. At the trial, upon the conclusion of the evidence for the plaintiff, upon the motion of the defendant the court

entered a judgment of nonsuit over the objection of the plaintiff, and to reverse this judgment the cause is brought here by appeal.

Messrs. MARKHAM & DILLON, for appellant.

Messrs. E. O. WOLCOTT and J. F. VAILE, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Of the eleven assignments of error in this case those only which question the right of the court to enter the judgment of nonsuit have been argued. Those not argued relate to the rejection by the trial court of certain evidence offered by appellant, which evidence becomes immaterial under the view taken of the case in this opinion. The gist of the plaintiff's action is the alleged wrongful delivery of the goods to Michael W. Keegan by the defendant company, and if there was not sufficient evidence to warrant the submission of that question to the jury, then the judgment of nonsuit was properly entered.

The evidence introduced on behalf of the appellant shows the delivery to and shipment of the goods by the appellee, as alleged in the complaint. The value of the goods is also shown, together with the order of the consignors to the railway company to withhold the delivery of said goods until the arrival of their agent at Chama, and their subsequent order to deliver said goods to said agent. It also appears that the consignors were willing that the goods should be delivered to the consignee, provided P. J. Keegan would pay a balance claimed as due from him upon a former order, and also give his written guaranty to pay for these goods. It would seem from the willingness of the consignors to have the goods delivered upon the conditions named that their conduct was at no time controlled by any doubt entertained by them of the financial responsibility of P. J. Keegan. Mr.

Keegan (P. J.), however, denied all responsibility on his part for said order, and repudiated the entire transaction; refused to give the required guaranty, and also denied the authority of the parties to consign the goods to him, and, upon learning of the expected arrival of the goods, wrote the agent at Chama as follows, to wit:

"Box 60, DURANGO, COLORADO, Feb. 1st.

"*Agent D. & R. G. R. R., Chama, N. M.*— DEAR SIR: I understand that there has been goods delivered to M. W. Keegan, either at Alta, Wolf Creek, or Chama, which were consigned to me. I understand they were such stuff as liquors, beer, etc. Please deliver nothing consigned to me to him, or anybody else, in future, without my order or the order of C. O. & C.

"Very respectfully,    PETER J. KEEGAN.

"WM.

"Charge him full rates of freight, as those things were not for me, but shipped in my name, without my authority.    P. J. KEEGAN.

"M. W. K. got some butter on side track."

The same day the consignor caused the general freight agent of the appellee to send the following dispatch to its agent at Chama, N. M.:

"DENVER, Feb. 1, 1881.

"*F. C. Jackson, D. & R. G. R'y Co.*— *F. C. Jackson, Chama:* Consignee of property consigned to M. Keegan, Chama, asks that goods be held until he arrives, tomorrow night. Property consists of liquors and cigars.

"[Signed]    S. W. E.

"S."

Sims, the traveling agent for the consignors, was then on his way south, between Denver and Antonito, but was delayed by a snow blockade, so that he did not reach Chama until about the 6th day of February, and was then sick, and remained so until his death, which occurred upon the night of February 15th. Upon February 14th, the goods still being in appellee's possession at

. Chama, at the request of the consignors, Mr. S. W. Eccles, the general freight agent of the railway company, sent the following telegram to Mr. Jackson at Chama: " Please deliver goods marked M. Keegan to J. J. Sims, who will pay charges.    Order of Brasher Bros., consignors."    And about the same time the following order from P. J. Keegan was presented to Mr. Jackson, appellee's agent at Chama:

" CHAMA, NEW MEXICO, Feb. 14, 1881.

" *Jackson, Agent at Chama, N. M.*— DEAR SIR: Please deliver to M. W. Keegan, or P. E. Keegan, certain goods which they claim, and which appears as consigned to me. Also please collect freight for same, and deduct from my freight account, as they claim it was an error in the initials made by the consignor.

" Very respectfully,    P. J. KEEGAN."

Mr. Jackson refused to deliver the goods upon this order without an order from Sims, and thereafter the following order was presented to him:

" FEB. 15, 1881.

" *Mr. Jackson:* Please deliver to P. J. Keegan any goods from Brasher Bros. marked to him.    J. J. SIMS.

" B. P. B.

" C. T.

" A. E. R."

Upon these two orders the goods were delivered by Mr. Jackson to Michael W. Keegan.    It is claimed, however, that, after the receipt of the consignors' instructions contained in the telegram of the 14th inst., Jackson, acting for the railway company, had authority only to deliver the goods to J. J. Sims in person, and that he was not authorized to deliver them to any other person upon the order of said Sims.    It appears from the evidence that Mr. Sims, who was at the time in the employ of Brasher Bros. as a traveling salesman, went to Chama by their direction, for the purpose of attending to this business in their behalf, and when they were afterwards informed

that the goods had been delivered upon his order they made no objection to such delivery, but after receiving such information began suit for the value of the goods against both P. J. Keegan and Michael W. Keegan. Under these circumstances we think that it sufficiently appears that Mr. Jackson, acting for the appellee, was authorized to deliver the goods not only to Mr. Sims in person, but to Mr. Keegan upon his (Sims') order.    And as to the claim advanced that the Sims order was a forgery, we are unable to find any support in the evidence for such an assumption.

These orders were all in evidence before the court as a part of the plaintiff's case at the time the motion for a nonsuit was made, so that it clearly appeared that at the time of the delivery of the goods to Michael W. Keegan the appellee was in possession of an order from consignors' agent, Sims, to deliver the goods to P. J. Keegan, and also an order from P. J. Keegan to deliver the goods to either M. W. Keegan or P. E. Keegan; and, as Mr. Jackson, apparently acting in entire good faith, delivered the goods upon these orders to Michael W. Keegan, we conclude that the railway company was relieved of all liability to the consignors by such delivery.    After a careful examination of the evidence we are of the opinion that the court committed no error in entering the judgment of nonsuit.    *Baker v. Hughes,* 2 Colo. 81; *Behrens v. Railway Co.* 5 Colo. 404, 405; *Railroad Co. v. Pickard,* 8 Colo. 174; *Chivington v. Colorado Springs Co.* 9 Colo. 597; *Schwenke v. McLean, ante,* p. 341.    The judgment is accordingly affirmed.

*Affirmed.*