Bissell, J.
The Peltons, as copartners, brought this action against Savage to recover the possession of a lot of personal property- described in the complaint, or its value, which was alleged to he six hundred dollars, with damages for the detention. The issues in the case were made by a denial of the complaint, and by a defense based upon averments of the purchase of the property bjr Savage, Jr., from one Herman, who was said to be the agent of the Peltons, with authority to sell the property in dispute. According to the evidence, Herman was a traveling salesman for S. Pelton & Brother, employed to travel within a certain designated district and sell goods for the firm from samples which he carried in trunks furnished for the purpose. He was supplied with samples of all the various classes of goods handled by the firm, save that as to gloves and stockings, and things of that description, only one of a pair was used. During one of his trips he sold his three trunks with their contents to the appellant Savage, in Pueblo, for two hundred and ninety dollars, which was only a little over sixty per cent of their wholesale value in Denver, according to the verdict of the jury. The goods were not sold by inventory, and scarcely by inspection, but for a lump sum which he appropriated. The goods in the trunks were marked with the name of the house in Denver. The purchaser made no inquiries as to Herman’s authority, or his right to sell, either of Herman himself or of the house. It was established by the evidence and by the verdict of the jury that Herman had no authority to make the sale, and that he was simply an agent to solicit orders to be sent to the house to be filled, according to the usage of traveling salesmen in such cases.
It is not contended by counsel for the appellant that the agent, Herman, possessed any actual authority to sell the goods which are the subject of the controversy. It is in *150 sisted, however, that the power is to be implied from the character of the agency and from the ordinary methods used in its execution. This cannot be conceded. The law is clear that the limits of an agent’s authority are to be found in the instructions of his principal. This general rule is necessarily subject to the modification, that the agent is entitled to employ all the necessary and usual means of executing the principal’s authority, and that this implied power is frequently modified by his right to use all the ordinary means justified by the usages of the trade in which he is engaged. Neither of these principles is broad enough to confer upon an agent, employed to solicit orders for goods upon the strength of samples furnished him, authority to sell those things which are essentially necessary to the performance of his duties. The absence of original authority to sell the goods being both proven and established by the verdict of the jury, it cannot be declared as a matter of law that the salesman had implied authority to dispose of the property. Diversy v. Kellogg, 44 Ill. 114; Ewell’s Evans on Agency, *p. 107.
The force of these rules was evidently felt upon the trial, since the appellant sought to escape his obligation by offering proof of the existence of a usage or custom in the trade, from which the jury would be warranted in finding that the agent possessed the authority necessary to make the sale. The principal error assigned and argued is based upon the action of the court in withdrawing from the consideration of the jury the evidence introduced upon this subject. There can be no question concerning the admissibility of this sort of evidence. The rule which permits a usage or custom of a particular business or trade to be taken as a part of the instructions to an agent, where the rights of third parties are concerned, seems to be well established by the authorities. To make the proof available for the purposes of establishing the authority, the evidence of the custom must be clear and satisfactory. It must be uniform, notorious and reasonable, and it must be established by proof of its uniformity in the *151 particular business which it concerns. Hall v. Storrs, 7 Wis. 217.
The. proof of custom in this case in none of its aspects reaches the level required by the authorities. It was neither established by evidence that it was the custom of all traveling salesmen to dispose of their trunks and samples at will, nor was it shown that such a custom prevailed in the particular business in which Herman was employed. The evidence did not even tend to establish such a usage. The only proof offered upon the subject was that of a few particular eases, or special transactions, in other lines than the trade in which S. Pelton & Brother were engaged. There is little hesitancy in reaching this conclusion, since it is apparent from the record that the transaction was of the sort to put on the purchaser the duty of ascertaining the authority of the agent with whom he dealt. In the present case the appellant was dealing with a traveling salesman, who represented a house within easy telegraphic distance of the purchaser’s place of business, and it would not be unreasonable to hold him to the duty of inquiry as to the authority of the agent when he was selling in bulk what was evidently his only means of transacting the business of his principal.
The court was entirely justified in withdrawing from the jury all the evidence of custom introduced 'on the trial. Under the law as declared, the custom was not established, and had the jury upon the strength of this testimony found that the agent possessed the authority to make the sale the court would have been compelled to set aside the verdict as against the law, and contrary to the evidence. Under circumstances like these it is undoubtedly the rule that the power is vested in the court to determine whether the evidence offered tends to support the allegations of the party in whose behalf it is introduced, and where, as in this case, there is a complete failure of proof on any particular subject it is not only clearly within the power but it is also the duty of the court to withdraw from the jury the consideration of any such matter. Proffatt on Jury Trials, § 351. Behrens v. K. P. R'way *152 Co., 5 Colo. 400; Brasher v. D. & R. G. R’way Co., 12 Colo. 384.
We are satisfied upon the record that the judgment should be affirmed.

Affirmed.