[No. 5171.]
[No. 2774 C. A.]

HEISTAND v. BATEMAN.

1.  Customs and Usages—Nature—Requisites.

A custom or usage, relating to a particular business, to be available for the purpose of determining the rights of parties, must be uniform, notorious and reasonable.—P. 22.

2.  Same—Evidence—Sufficiency.

In an action by a hack driver to recover a commission from defendant on a sale of goods made to a customer brought to the latter's store by plaintiff, evidence that dealers in like goods as defendant had been in the habit of paying ten per cent. commission to hackdrivers bringing them tourist purchasers, that such sales were usually small and not exceeding $75, excepting in one or two instances where they were $200, and that, when in excess of the latter sum and usually the former, the commission depended upon special contract, is insufficient to establish a custom to pay ten per cent. commission on a sale of approximately $4,500.—P. 22.

3.  Same—Practice in Civil Actions—Contracts—Custom—Evidence—Presumptions.

Evidence of custom may be resorted to for the purpose of ascertaining the meaning and interest of parties to a contract, where the terms employed are general in their nature, since experience has taught that men of affairs, in making contracts, are not always careful to express themselves with completeness and particularity, and that, in dealing with one another, they leave part of their intention unexpressed, in silent reliance on the usages, mutually understood, to enter into and form a part of this agreement; and hence, when such a contract becomes the subject of litigation, the presumption is indulged, if the parties have not expressed a contrary intention, that they intended to incorporate therein a usage known to them, and evidence of such

fact is admissible, not to vary or contradict the terms of the contract, but to interpret it as understood by the parties at the time it was made.—P. 23.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by G. E. Bateman against J. G. Heistand. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Messrs. LUNT, BROOKS & WILLCOX, and Mr. M. B. HURLEY, for appellant.

Mr. ARTHUR CORNFORTH, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This is an appeal from a judgment rendered in an action brought by appellee, as plaintiff, to recover from appellant, as defendant, commissions to which plaintiff claimed he was entitled, by reason of a sale of a case of specimens by defendant to a person brought to the store of defendant by plaintiff. The proximate amount of such sale was $4,500.

Plaintiff was a hack-driver and conveyed the purchaser to the store of the defendant. He bases his right to a commission of ten per cent. of the amount of the sale upon two grounds: First—On the general custom, at that time existing in the town of Manitou, among the merchants dealing in the same line of goods that defendant was, and where defendant was then engaged in business, to pay hack-drivers ten per cent. on all purchases made by persons from merchants to whose stores they conveyed such persons. Second—On an agreement, made several years previous, whereby the defendant agreed he would pay him a commission of ten per cent. on such sales. The jury returned a verdict for plaintiff for ten per cent.

of the sum for which the defendant sold the specimens in question, with interest, less the sum of $50.00, which he acknowledged having theretofore received. From a judgment accordingly the defendant appeals, and in support of the errors assigned, contends that the evidence was insufficient to justify submitting the case to the jury on either custom or agreement.

There is testimony to the effect that it was the custom of a considerable number of dealers in articles generally purchased by tourists, to pay hackmen a commission on goods sold to tourists whom they brought to their stores; that such sales were usually small; but it does not appear from the testimony that a commission of ten per cent. was ever paid on sales exceeding $75.00, or, possibly, in one or two instances, $200.00, and that on these in excess of that sum the amount paid depended upon special agreement.

Custom or usage relating to a particular business, in order to be available for the purpose of determining the rights of parties must be uniform, notorious and reasonable.—*Savage v. Pelton,* 1 Colo. App. 148; *Leach v. Perkins,* 17 Me. 462.

The testimony, as applied to the facts of this case, wholly fails to establish these essential requisites of a custom which entitles the plaintiff to recover the commission sued for. As above stated, it was to the effect that dealers engaged in the same line of business in Manitou as defendant, appear to have been in the habit of paying ten per cent. commission to hack-drivers on sales made to tourists brought to their stores, where such sales were in the amount usually made to such persons; that such sales were ordinarily in small amounts, or in the sum of a few dollars each; that in a few instances this commission had been paid on sales amounting to $75.00 and $200.00, but above the latter sum, and usually the

former, the amount of commission paid was the subject of special agreement. This is far from establishing a custom to pay ten per cent. commission upon a sale in the sum of several thousand dollars, or upon purchases by tourists far in excess of the usual amount made by them.

With respect to the agreement relied upon, plaintiff testified that ''Mr. Heistand told me personally that he would pay ten per cent. commission on everything that people bought that I brought there, and he has paid it to me lots of times. He was paying that commission to other hackmen.'' He says this contract was entered into five or six years previous to the transaction in question.

The custom relied upon by plaintiff defeats his right to recover under this agreement. Evidence of custom may be resorted to for the purpose of ascertaining the meaning and intent of parties to a contract where the terms employed are general in their nature. Experience has taught that men of affairs, in making contracts, are not always careful to express themselves with completeness and particularity, and that in dealing with one another, they leave part of their intention unexpressed, in silent reliance on the usages mutually understood, to enter into and form a part of their agreement.—29 Am. & Eng. Enc. Law (2d ed.) 422. Hence, it follows, that when such a contract becomes the subject of litigation, the presumption is indulged, if the parties have not expressed a contrary intention, that they intended to incorporate therein a usage known to them, and evidence of such is admissible, not to vary or contradict the terms of the contract, but to interpret it, as it was understood by the parties at the time it was made.—*Ibid* 423, *et seq.*

Certainly, in the light of the testimony as to what the parties had in mind when the contract in

question was entered into, it could not be successfully contended that defendant thereby intended to obligate himself to pay plaintiff a ten per cent. commission on a valuable piece of real estate in Colorado Springs, or a mine in Cripple Creek, which he might sell to a person brought to his place of business by the plaintiff; but, on the contrary, that the parties had in mind a commission on the usual and ordinary sales to tourists of articles peculiar to the locality, purchased of the defendant in the usual and ordinary amount, which, it appears, was generally in small sums.

It is insisted by counsel for plaintiff that the question of custom was injected into the case by the defendant. The record does not bear out this assertion. It is true, that on cross-examination, plaintiff was asked regarding custom, but that, as we have seen, was proper, for the purpose of interpreting the contract upon which he relied. Besides, we find that plaintiff introduced witnesses in chief to prove custom.

It is also insisted on behalf of plaintiff that defendant cannot complain of the action of the court in submitting the question of custom, because instructions similar to those given on the subject were asked on his behalf and refused. It is not necessary to determine this question. It appears that the court, without objection on the part of plaintiff, submitted the case to the jury upon the question of custom, and also upon the agreement. It was clearly error, for the reasons given, to instruct the jury that plaintiff was entitled to recover, if it appeared from the testimony that defendant had theretofore specifically agreed with the plaintiff to pay him the commission in controversy. As we cannot say that the jury did not find for plaintiff under this instruction, the question of whether or not the defendant is in a position

to contend that the court erred in submitting the case to the jury on the question of custom is immaterial.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.