## No. 16,185.

### ALDEN SIGN COMPANY *v*. ROBLEE.
(217 P. [2d] 867)

Decided March 6, 1950. Rehearing denied April 24, 1950.

Mr. THEO J. ADAMS, ALICE LOVELAND, for plaintiff in error.

Mr. C. CLYDE BARKER, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error was defendant below and defendant in error was plaintiff. We will refer to the parties as they appeared in the trial court.

The defendant corporation was engaged in the outdoor advertising business. Plaintiff brought this action against it to recover monies alleged to be due him under a verbal contract of employment. In substance, plaintiff alleged, and testified, that under said contract of employment he agreed to solicit outdoor advertising for the defendant company and that defendant agreed to pay him for his services a commission of eight per cent on the gross amount of new or renewal contracts procured by him, and that said agreed commission was to be paid as of the date of billing the purchaser for the monthly payments called for by the terms of the contract for the advertising procured by plaintiff.

Defendant admitted the employment of plaintiff, but denied that the eight per cent commission applied to renewal contracts. It is admitted that plaintiff worked for defendant from October 1, 1945, to July 15, 1946, upon which latter date plaintiff's employment was terminated. Defendant alleged that under the terms of the contract of employment all rights of plaintiff to compensation for services rendered to the company ceased upon his discharge, and it further alleged that all commissions due plaintiff at the time of the termination of his employment had been paid by it.

The case was tried to a jury which returned a verdict in favor of plaintiff, in the sum of $3,337.88, upon which verdict the court entered judgment, to review which, defendant brings the cause here by writ of error. At the close of all the evidence defendant moved for a directed verdict on the ground "that the amount of damages claimed by plaintiff is speculative," and on the further ground that "there has been no evidence on the part of plaintiff that there was any agreement to pay

commissions on unmatured contracts after severance," and that the custom in the industry was that a salesman was entitled to no commissions after termination of his employment.

Pursuant to the provisions of rule 50 (b), Rules of Civil Procedure, defendant filed its motion to set aside the verdict and for the entry of judgment in accordance with its motion for a directed verdict. In the alternative, it sought a new trial. As grounds for this motion defendant claims "that the damages awarded are excessive, that there was not sufficient evidence to support said verdict and judgment, and that there was error in law."

The evidence concerning the terms governing plaintiff's employment and the compensation which he was to receive, is in sharp conflict. Plaintiff testified that he was promised eight per cent commission on renewals and new contracts. It is admitted that a form of written contract was submitted to plaintiff for his signature and that he refused to sign it. Plaintiff stated that after looking over the printed form of contract, "I brought it back and told him no, I wouldn't sign it, nor any real salesman wouldn't." Plaintiff's objection to the written contract, as he testified, was that he disapproved of a paragraph therein which stated: "This agreement and the employment hereunder may be terminated by either party at any time upon written notice. Upon the termination of this agreement all rights of Salesman to compensation for services rendered to the Company shall thereupon cease."

Witnesses for the defendant testified in substance that while the plaintiff refused to sign the written contract, he agreed to all the terms and conditions thereof as correctly stating the terms of his employment. The jury, by its verdict in plaintiff's favor, must have found the issues concerning the terms of his employment to be as he testified, and since there is competent evidence to support its finding it will not be disturbed on this review.

It is agreed by plaintiff and defendant, that neither

at the time they entered into the oral agreement of employment, nor at any time thereafter, was anything said by either party concerning the right of plaintiff to be paid a commission upon payments made by purchasers of advertising, which were actually made subsequent to the date upon which plaintiff's employment by the defendant had terminated.

It appears from the record that the gross cost of advertising contracts secured by plaintiff was, by the terms of each contract, to be paid in monthly instalments. It is admitted that defendant company paid plaintiff all sums due as commission upon which customers of plaintiff had been billed as of the date of his discharge from employment. This suit is brought for the payment of commissions upon contracts written by plaintiff during the period of his employment, under which payments became due subsequent to the date of his discharge. At the time of the trial all contracts written by plaintiff had expired, and the trial court excluded from consideration by the jury any payments under the terms of the agreement which had not in fact been made to the defendant company by a customer secured by plaintiff.

It is contended by defendant that the claimed commissions forming the subject matter of this action were "unaccrued commissions" and that plaintiff failed to meet the burden of proof resting upon him to show a contract under which he was entitled to a commission of eight per cent on the monthly billings "accruing subsequent to the termination of his services." It further contends that, since plaintiff's own testimony is to the effect that nothing was said by either party concerning such "unaccrued commissions" in the event of his discharge, he has failed to establish a contract entitling him to the relief for which he prays. Defendant further takes the position that, since the contract is silent concerning the rights of plaintiff upon termination of his services, known customs and usages notoriously followed in the community relating to the right to collect commissions

on such "unaccrued" obligations should govern; also it contends that under such customs and usages in the outdoor advertising business, no commissions were permissible, and that as a matter of law the evidence was not in conflict concerning the existence of such trade custom. The plaintiff denied knowledge of any such trade custom or usage.

· We find no merit in the specifications of defendant that the damages awarded are excessive. Additional specifications of points are: (a) That the court erred in denying the motion for a directed verdict; (b) that the court erred in denying the motion to set aside the verdict and for a new trial.

The one Question to be Determined is:

*Assuming that the contract as contended for by each of the parties, did not cover the question of the right of plaintiff to receive commissions subsequent to the termination of his employment, and assuming the existence of a trade custom or usage as defendant contends, does the asserted trade custom bar recovery by plaintiff?*

 The question must be answered in the negative. It is unquestionably true that under certain circumstances, where a contract contains no specific provision with regard to a situation which may arise, trade usages and customs may be shown, to arrive at the intent of the parties in entering into the contract; and, depending upon the circumstances, the rights and obligations of a party who is not shown to have had actual knowledge of an alleged usage or custom, or who is not shown to have expressly contracted with reference thereto, may be vitally affected by the existence of a usage or custom pertaining to the right or obligation in controversy. However, in order that a trade usage or custom shall be binding on a party to a contract it is necessary that certain essential and salutary elements be present. These elements are set out in 55 American Jurisprudence, page 267, as follows: "Briefly, a custom or usage to affect the

rights of parties to a contract must be an ancient one, or at least one that has existed for such length of time as to become generally known; it must be one certain, continuous, and uniform in its operation, and so general and universal in character that knowledge essential to the binding effect upon the party to be charged may be presumed, and it must be one that has been peaceably acquiesced in by those whose rights naturally are to be affected by it. It must also be reasonable and not opposed to or in conflict with established rules of law, whether defined by statute or by the common law, and not inconsistent with good morals or public policy or with the terms of the contract itself."

In *Heistand v. Bateman*, 41 Colo. 20, 91 Pac. 1111, we said: "Custom or usage relating to a particular business, in order to be available for the purpose of determining the rights of parties must be uniform, notorious and reasonable." The rule was again announced in *Evans Fuel Co. v. Leyda*, 77 Colo. 356, 236 Pac. 1023, where we cited *Heistand v. Bateman, supra,* with approval.

It follows that any trade custom which is unreasonable is not binding upon a person who does not expressly agree to be bound by it. We hold, under the circumstances here present, the trade custom for which defendant contends to be unreasonable. To give the alleged trade custom the force of law in this case would unreasonably jeopardize the right of a salesman to just compensation for services rendered an employer, and place the latter in a position to unjustly enrich himself at the expense of his employee. The employer, under the custom for which it contends, could dismiss the salesman with or without cause, and thereby avoid payment of all commissions on deferred payments in a contract procured by the salesman. We do not infer that any such motive prompted the action of defendant in this case. Even though no such motive is shown to be present in this cause, the custom, nevertheless, is un-

reasonable and cannot be invoked against the plaintiff in the absence of an express agreement by him to be bound by a provision of that kind. Upon the trial, defendant offered evidence tending to prove that plaintiff had in fact thus bound himself. Plaintiff denied any such agreement. The jury rejected the evidence of defendant and accepted plaintiff's statement concerning the nonexistence of any such express contract. The trial court, which heard the evidence and observed the witnesses, overruled the motion for directed verdict, and the motion for new trial. The crux of each of these motions was that there was no dispute in the evidence concerning the trade custom, and that as a matter of law it operated to defeat plaintiff's case. Assuming, without so deciding, that all facts relating to the trade custom were as defendant contended, it cannot prevail for the reason hereinabove set forth. Moreover, we are satisfied that there was sufficient evidence to warrant a submission of the question, as to whether there was a trade custom of the kind upon which defendant relied, to the jury; the trial court submitted it to the jury under a proper instruction, and the issue was resolved against defendant.

Plaintiff and defendant each relied upon an oral contract of employment, and under the terms thereof, for which each party contends, the right of plaintiff to receive the commissions herein questioned was fully covered. As plaintiff contends, the contract made his right to such commissions absolute, and no resort to trade custom was necessary or permissible to change the legal effect of the words used in creating that agreement. Under the contention of defendant, the contract made provision for the incorporation of the alleged trade custom in the agreement of the parties. Defendant's version of the contract was rejected by the jury. Actually, under the theory of either party, the existence or nonexistence of the alleged trade custom was not a proper element to be considered by the jury. However,

its consideration thereof could not prejudice the rights of defendant. No cross error is assigned upon the admission of evidence relating to custom. Under these circumstances, we dispose of the case upon the theory adopted by the trial court.

The judgment is affirmed.

MR. JUSTICE ALTER and MR. JUSTICE HOLLAND concur.